1  CDF LABOR LAW LLP
       Alison L. Tsao, State Bar No. 198250
2      atsao@cdflaborlaw.com
       Marianne C. Koepf, State Bar No. 191025
3      mkoepf@cdflaborlaw.com
       Candace DesBaillets, State Bar No. 315284
4      cdesbaillets@cdflaborlaw.com
   600 Montgomery Street, Suite 440
5  San Francisco, CA 94111
   Telephone: (415) 981-3233
6
   Attorneys for Defendant
7  FRESCHI AIR SYSTEMS, LLC

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11 JOHN ANTHONY KEYS, individually, and on ) Case No. TBD
   behalf of all others similarly situated,    )
12                                              ) (Removed from Contra Costa County Superior
                     Plaintiff,                 ) Court, Case No. C22-02747)
13            vs.                               )
                                                ) **DEFENDANT FRESCHI AIR SYSTEMS,**
14 FRESCHI AIR SYSTEMS, LLC, a limited          ) **LLC'S NOTICE OF REMOVAL**
   liability company; and DOES 1 through 10,    ) **PURSUANT TO THE CLASS ACTION**
15 inclusive,                                   ) **FAIRNESS ACT, 28 U.S.C. § 1332(d)**
                                                )
16                   Defendants.                ) [Filed concurrently with Civil Cover Sheet,
                                                ) Certificate of Conflicts and Interested Entities
17                                              ) or Persons, Declaration of Alison L. Tsao,
                                                ) Declaration of David Dozier, Declaration of
18                                              ) Carol Morris; Declaration of Steve Kirvan;
                                                ) Declaration of Mathew Samuel; Request for
19                                              ) Judicial Notice]
                                                )
20                                              Action Filed: December 27, 2022

21

22

23

24

25

26

27

28

CDF Labor Law LLP

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Freschi Air Systems, LLC ("Defendant" or "Freschi"), hereby removed the above-captioned action from the Superior Court of the State of California for the County of Contra Costa, Case No. C22-02747, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1332(d). Defendant's Notice of Removal is based on the following:

### I. THE NOTICE OF REMOVAL IS TIMELY

On December 27, 2022, Plaintiff John Anthony Keys ("Plaintiff") filed an unverified class action Complaint in the Superior Court of California, County of Contra Costa County, entitled *John Anthony Keys, individually, and on behalf of all others similarly situated, v. Freschi Air Systems, LLC, a limited liability company; and DOES 1 to 10, inclusive,* pending as Case No. C22-02747 (the "State Court Action"). Plaintiff's Complaint in the State Court Action asserted the following causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Indemnify Necessary Business Expenses; (6) Failure to Timely Pay Final Wages at Termination; (7) Failure to Provide Accurate Itemized Wage Statements, and; (8) Unfair Business Practices. True and correct copies of the Complaint and all other documents filed in the State Court Action to date are attached as **Exhibits A to G** to the Declaration of Alison L. Tsao ("Tsao Declaration") concurrently filed in support of this Notice of Removal.

On February 8, 2023, Plaintiff filed a "Proof of Service of Summons" stating that the Summons and Complaint had been served on CSC Lawyers Incorporating Service, Inc. ("CSC"), Freschi's agent for service of process, on January 11, 2023. However, due to a processing error, CSC did not provide the Summons and Complaint to Freschi until April 12, 2023. Declaration of Steve Kirvan ("Kirvan Decl."), ¶¶ 4-6.

On or about March 14, 2022, Plaintiff filed a First Amended Complaint ("FAC") amending the initial complaint to add a ninth cause of action for civil penalties under the Private Attorneys General Act. CSC received personal service of the FAC on March 24, 2023, logged it into their

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

Litigation Management Service database, and provided the FAC to Freschi. Kirvan Decl., ¶ 3. The FAC was the first record in CSC's database for this matter, as the initial Complaint had not been processed. *Id*.

After receiving the FAC, but having not been aware of any initial Complaint initiating a lawsuit, on April 12, 2023, representatives from Freschi's legal department reached out to CSC to ask whether CSC had been previously served with the initial Complaint. *Id*. at ¶ 4. CSC confirmed that it had not processed the initial Complaint and had not forwarded any documents related to the matter until forwarding the FAC on March 24, 2023. *Id*. After reviewing all service of process documents that it received on January 11, 2023 (the date listed on Plaintiff's Proof of Service), CSC determined that while it received the initial Complaint on January 11, it had inadvertently attached it to another document for a different customer and thus had not processed it as a document for Freschi nor provided it to Freschi. *Id*. at ¶ 5; *see also* Declaration of Mathew Samuel ¶¶ 2-5 (in house counsel for Freschi, stating that Freschi did not receive the Complaint until April 12, 2023).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the ***receipt*** by the defendant, through service or otherwise. . ." 28 U.S.C.A. § 1446 (b)(1) (emphasis added). Freschi did not receive the initial Complaint until after it was made aware of the lawsuit through service of the FAC on March 24, 2023. This Notice of Removal is timely as it has been filed within 30 days of Freschi's receipt of the initial Complaint "through service or otherwise."

In addition, courts have held that the 30-day removal period only starts to run from receipt of the initial pleading when that pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 691–92 (9th Cir.2005); *see also Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1237–38 (9th Cir. 2014). "[A]s long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time." *Michaels Stores Inc*., 742 F.3d at 1237–38 (internal quotations omitted). Here, neither the initial Complaint, nor the FAC reveal on their face the facts necessary for removal because neither state the dollar amount of damages sought, so the amount in controversy was not ascertainable

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

1  from the complaints alone. Rather, Freschi was only able to ascertain the amount in controversy

2  through investigation and analysis of company records. Thus, this removal is timely on that basis as

3  well. *See Andrade v. Beacon Sales Acquisition, Inc*., No. CV1906963CJCRAOX, 2019 WL

4  4855997 (C.D. Cal. Oct. 1, 2019) (defendants were not obligated to remove within 30 days of

5  receipt of complaint where they only ascertained that the case was removable under CAFA after an

6  investigation of company records).

7  **II.  THIS ACTION SATISFIES THE JURISDICTIONAL PREREQUISITES FOR**

8  **REMOVAL FOR TWO REASONS**

9  Freschi may remove the State Court Action under 28 U.S.C. § 1446(a) by providing a

10  "short and plain statement of the grounds for removal…."  Freschi's removal allegations should be

11  construed liberally.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

12  **A.  The Court Has Jurisdiction Under the Class Action Fairness Act**

13  Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction

14  over the State Court Action pursuant to the Class Action Fairness Act ("CAFA").  28 U.S.C. §

15  1332(d)(2).  The State Court Action satisfies each of the jurisdictional prerequisites of CAFA: (1)

16  the number of proposed class members exceeds 100, (2) Plaintiff and Defendant are citizens of

17  different states, and (3) the amount in controversy exceeds the aggregate value of $5,000,000.  *See*

18  28 U.S.C. §§ 1332(d)(2), (5)(B), (6).

19  **1.  There Are Over 100 Members in the Proposed Class**

20  Plaintiff defines the proposed class as "Plaintiff and all other persons who have been

21  employed by any defendants in CA as an hourly-paid, non-exempt employee during the statute of

22  limitations period applicable to the claims pleaded here." Tsao Decl., Ex. F (FAC) at ¶ 2. Plaintiff

23  was employed by Freschi as a Residential Sales Consultant. Declaration of David Dozier ("Dozier

24  Decl."), ¶ 1. Freschi classifies Residential Sales Consultants, including Plaintiff, as exempt from

25  overtime under the California Labor Code. *Id*. In his FAC, Plaintiff alleges that he is owed

26  overtime wages. Tsao Decl., Ex. F (FAC) at ¶¶ 42-50. Freschi therefore assumes that Plaintiff

27  intends that Residential Sales Consultants be included in his proposed class, irrespective of whether

28  Freschi considers them employed as "hourly-paid, non-exempt" or exempt.

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

1    Between December 27, 2018 (four years prior to the filing of this action) to the present,

2    Freschi has employed approximately 24 Residential Sales Consultants in California. Dozier Decl.,

3    ¶ 4. Between December 27, 2018 and the present, Freschi has employed approximately 142 non-

4    exempt California employees in other roles. *Id*. Therefore, there are approximately 166 current and

5    former employees that would fall within Plaintiff's proposed class. This figure satisfies the

6    jurisdictional prerequisite under 28 U.S.C. § 1332(d)(5)(B) because the number of proposed class

7    members exceeds 100.

8        **2.**     **The Parties Are Diverse**

9        The district court can exercise original jurisdiction over the action under CAFA when "any

10   member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. §

11   1332(d)(2)(A).  For diversity purposes, an individual is a "citizen" of the state in which he is

12   domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An

13   individual's domicile is the place he resides with the intention to remain or to which he intends to

14   return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Courts treat limited

15   liability companies ("LLC") the same as partnerships for diversity jurisdiction purposes, and

16   therefore look to the citizenship of each member of the company.  *Cosgove v. Batolotta*, 150 F.3d

17   729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is

18   the citizenship of its members."); *GMAC Comm's Credit LLC v. Dillard Dept. Stores, Inc.,* 357

19   F.3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899

20   (9th Cir. 2006). And, if any member of an LLC is itself a partnership association (or another LLC),

21   the federal court must know the citizenship of each "submember" as well. *V&M Star, LP v.*

22   *Centrimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). Where the sole member of an LLC is a

23   corporation, for diversity purposes, a corporation is a citizen of the state where it has been

24   incorporated and the state where it has its principal place of business. 28 USC § 1332(c)(1) ("a

25   corporation shall be deemed to be a citizen of every State and foreign state by which it has been

26   incorporated and of the State or foreign state where it has its principal place of business…").

27       The Complaint alleges that "Plaintiff is a California resident."  Tsao Decl., Ex. F (FAC), at

28   ¶ 8.  Thus, Plaintiff is a citizen of the State of California for purposes of diversity jurisdiction.

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

2168735.2

1    Freschi Air Systems, LLC, is a limited liability company organized under the laws of the

2    State of Tennessee. Declaration of Carol Morris ("Morris Decl.), ¶ 4. Its sole member is Service

3    Experts LLC. *Id*. Service Experts LLC is a limited liability company organized under the laws of

4    the State of Delaware and its sole member is SE Holdco, LLC. *Id*. at ¶ 5. SE Holdco, LLC, is a

5    limited liability company organized under the laws of the State of Delaware and its sole member is

6    Advantage Experts Services LLC. *Id*. at ¶ 6. Advantage Experts Services LLC is a limited liability

7    company organized under the laws of the State of Delaware and its sole member is Bolt Acquireco

8    Inc. *Id*. at ¶ 7. Bolt Acquireco Inc. is a corporation organized under the laws of the State of

9    Delaware with its principal place of business in Richardson, TX (its high level officers are all

10   located in Richardson, Texas, and these high level officers direct, control and coordinate the

11   corporation's activities from Richardson, Texas). *Id*. Therefore, Freschi is a citizen of Delaware

12   and Texas for purposes of diversity jurisdiction.

13   Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the

14   Complaint and the citizenship of "Doe" defendants is disregarded for the purposes of removal.  28

15   U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

16   Because Plaintiff alleges he is a citizen of California, and Freschi is a citizen of a foreign

17   state, this action easily meets the jurisdictional prerequisite of minimal diversity under 28 U.S.C. §

18   1332(d)(5)(B).

19       **3.    The Amount in Controversy Exceeds $5,000,000**

20   The district court can exercise original jurisdiction over the action under CAFA when "the

21   matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs…"

22   28 U.S.C. § 1332(d)(2).  To meet this jurisdictional prerequisite, under 28 U.S.C. § 1446(a), "a

23   defendant's notice of removal need include only a plausible allegation that the amount in

24   controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at

25   81 ("By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates,

26   Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations

27   as] to other matters of pleading. … The amount-in-controversy allegation of a plaintiff invoking

28   federal-court jurisdiction is accepted if made in good faith.'" (citation omitted)).

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

2168735.2

1    It is the removing 'party's burden to establish, "by a preponderance of evidence, that the

2    aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T*

3    *Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  In considering the evidence submitted by

4    the removing defendant, the Court must "look beyond the complaint to determine whether the

5    putative class action meets the [amount in controversy] requirements" adding "the potential claims

6    of the absent class members" and attorneys' fees.  *Id.* (*citing Standard Fire Ins. Co. v. Knowles*,

7    133 S.Ct. 1345 (2013)); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 705 (9th Cir. 2007).

8    Moreover, "[i]n considering whether the amount in controversy is clear from the face of the

9    complaint, a court must assume that the allegations of the complaint are true and that a jury will

10   return a verdict for the plaintiff on all claims made in the complaint." *Altamirano v. Shaw Indus.,*

11   *Inc.*, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (quoting *Korn v. Polo Ralph Lauren*

12   *Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (unpublished).

13   Although Freschi disputes any liability as to Plaintiff's claims and disputes that Plaintiff

14   and/or the proposed class suffered any injury or incurred damages, the amount in controversy

15   raised by the claims asserted in the class action Complaint exceeds $5,000,000 in the aggregate,

16   exclusive of interest and costs.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir.

17   2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a

18   prospective assessment of defendant's liability.")

19   To meet the amount in controversy threshold when a complaint fails to specify the amount

20   of damages sought, a defendant need only show that "it is more likely than not that the amount in

21   controversy satisfies the federal diversity jurisdictional amount requirement." *Abrego Abrego v.*

22   *The Dow Chem. Co.*, 443 F. 3d 676, 683 (9th Cir. 2006) (quoting *Sanchez v. Monumental Life Ins.*

23   *Co.*, 102 F. 3d 398, 404 (9th Cir. 1996) (quotations omitted).  Here, Plaintiff seeks relief in the

24   form of damages, penalties, attorney's fees, injunctive relief, and more, but does not set forth a

25   numerical sum of the amount sought on behalf of Plaintiff and the proposed class.

26   Plaintiff contends that the proposed class is entitled to waiting time penalties under

27   California Labor Code § 203.  Tsao Decl., Ex. F (FAC) at ¶¶ 63-69.  Plaintiff alleges that

28   "throughout the statutory period, Defendants maintained a policy and practice of not paying

7

1  [Plaintiff and the proposed class] for all hours worked, including all overtime wages", that Plaintiff

2  and the proposed class were "required to work off the clock and uncompensated", and that

3  "Defendants failed, and continue to fail to pay terminated Class Members" all wages that were

4  owed at the time of their discharge. *Id*. at ¶¶ 16, 65. It is therefore reasonable to calculate the

5  amount in controversy for this claim based on a 30-day penalty using the employees' daily wage

6  rate. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013)

7  (unpublished) (finding that the defendants' waiting time penalties calculation was "supported by

8  Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where

9  the complaint alleged that the defendants regularly required putative class members to work off-

10  the-clock without compensation, and the defendants estimated that each putative class member

11  "potentially suffered at least one violation that continues to be unpaid").

12      Freschi estimates that, of the 166 employees who fall within the proposed class definition,

13  approximately 124 employees were terminated.  Dozier Decl. at ¶ 4. Freschi estimates that the

14  average hourly rate of current and former employees, who fit within the proposed class, was

15  approximately $29.88. *Id*. at ¶ 6. *Helm v. Alderwoods Group, Inc*., 2008 WL 2002511, at * 4 n. 3

16  (N.D. Cal. May 7, 2008) (unpublished) (to determine amount in controversy under CAFA, it is

17  "preferable for defendants to calculate the average hourly wage based on the average wage of all

18  class members"); *see also Johnson v. U.S. Vision, Inc.*, 415 F. App'x 841, 841-842 (9th Cir. 2011)

19  *cert. denied*, 132 S. Ct. 997 (2012) (Defendant could have shown the requisite amount in

20  controversy by showing the *average* hourly pay of putative class members). Assuming Plaintiff's

21  allegations are true for purposes of removal, and that the maximum statutory penalty of thirty days

22  applies,[1] Freschi estimates the amount in controversy this claim alone is approximately

23  $889,228.80 ($29.88/hour * 8 hours * 30 days * 124 employees = $889,228.80).  Tsao Decl. at ¶ 9.

24      Plaintiff also contends that the proposed class is entitled to recover "actual damages" for

25  receiving wage statements that were allegedly noncompliant with California Labor Code § 226(a).

26

27  [1] "A proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for
each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal.App.4th
28  487, 493 (1998).

8                    DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
                          NOTICE OF REMOVAL

2168735.2

1   *Id.* at Ex. F (FAC) at ¶ 76.  While the "actual damages" are not specified, Labor Code § 226 does

2   provide for recovery for noncompliance in the amount of "the greater of all actual damages or fifty

3   dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100)

4   per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of

5   four thousand dollars ($4,000)…"  Cal. Lab. Code § 226(e)(1).  Given the broad allegations of

6   systematic and pervasive policies of wage abuse, including failure to pay regular wages and

7   overtime wages, as well as meal and rest break violations, Freschi may properly assume a 100%

8   wage statement violation rate in support of its removal.  *Altamirano*, 2013 WL 2950600, *11 (N.D.

9   Cal. June 14, 2013) (unpublished) (given allegations about pervasive policies that were the subject

10  of plaintiff's claims, it was reasonable to assume that each class member suffered at least one

11  violation during any given pay period resulting in an inaccurate wage statement, *i.e.*, 100%

12  violation rate).  Indeed, allegations of systematic violations support the reasonableness of a 100%

13  wage statement violation rate.  *Fong v. Regis Corp.*, 2014 WL 26996, at *7 (N.D. Cal. Jan. 2, 2014)

14  (unpublished) (broad allegations support assumption that each wage statement given to each

15  putative class member may have violated § 226).  Assuming a $50 penalty for the initial pay

16  period, and a $100 penalty for each subsequent pay period, up to a statutory maximum of $4,000,

17  Freschi estimates the amount in controversy for the wage statements claim is approximately

18  $664,000 (166 employees * $50 for initial penalty = $8,300; 8,752 total pay periods/work weeks –

19  166 initial = 8,586 subsequent, * $100 = $858,600, + $8,300 = $866,900, which is greater than the

20  statutory maximum of $4,000 x 166 employees = $664,000).  Tsao Decl. at ¶ 10.

21      Plaintiff also seeks penalties for missed meal periods in the form of "one hour of additional

22  wages for each workday" where he or proposed class members were not "provided with all

23  required meal period(s)" and penalties for missed rest breaks for "one hour of additional wages for

24  each workday" where he or proposed class members were not "provided with all required rest

25  breaks(s)".  *Id.* at Ex. F, (FAC) at ¶¶ 54, 58.)  For the purposes of removal, Freschi assumes that

26  employees who fall within the proposed class worked five shifts a week and applies an average

27  meal period violation rate of 50%.  *See Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal.

28  Jan. 7, 2015) (unpublished) (employer's assumption of a 50 percent violation rate for missed meal

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

and rest breaks is reasonable). Between December 27, 2018 and the present, proposed class members worked approximately 8,752 workweeks. Dozier Decl. at ¶ 5. Accordingly, Freschi approximates the amount in controversy for the meal period premiums claim is $653,774.40 (8,752 workweeks * 5 shifts/week * 50% violation rate * $29.88/hour = $653,774.40). Tsao Decl. at ¶ 11. With these same calculations, Freschi estimates that the amount in controversy for this portion of the rest break premiums claim is also $653,774.40. *Id.* at ¶ 12.

Plaintiff also contends that he and proposed class members were required to work off the clock, were not compensated for all hours worked, not paid the proper overtime rate for all overtime hours worked, and are therefore entitled to recover unpaid minimum and overtime wages. *Id.* at Ex. F, (FAC) at ¶¶ 16, 34-35, 45-46. Assuming a conservative rate of one hour of uncompensated regular hours per week, Freschi estimates the amount in controversy for the failure to pay minimum wage claim is $261,509.76 ($29.88 average hourly rate * 8,752 workweeks = $261,509.76). Tsao Decl. at ¶ 13. Assuming a conservative rate of one hour of uncompensated overtime per week, Freschi estimates the amount in controversy for the failure to pay overtime claim is $392,264.67 ($29.88 average hourly rate * 1.5 overtime rate = $44.82, * 8,752 workweeks = $392,264.67). Tsao Decl. at ¶ 14.

Plaintiff also claims that "Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month" in violation of Labor Code section 204. *Id.* at Ex. F, (FAC) at ¶¶ 40, 50. Labor Code section 210 provides $100 for each initial violation and $200 for each subsequent violation as well as 25% of the amount unlawfully withheld for alleged violation of Labor Code section 204. Assuming Plaintiff and proposed class members were underpaid during each pay period, therefore assuming 166 initial violations (the number of proposed class members) at $100, and 8,586 subsequent violations (the number of work weeks, 8,752, minus 166 initial violations) at $200, Freschi estimates the amount in controversy for this claim for the base penalty alone is $1,733,800 ($100 * 166 = $16,600 for initial violations; $200 * 8,586 = $1,717,200 for subsequent violations; $16,600 + $1,717,200 = $1,733,800 total). Tsao Decl. at ¶ 15. In addition, assuming the amount Freschi allegedly "failed to pay" would include the estimated regular and overtime (Plaintiff alleges violation of Labor Code section 204

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

with regard to his first and second causes of action for failure to pay minimum and overtime wages) an additional 25% of alleged unlawfully withheld wages of $163,443.60 ($392,264.67 overtime wages + $261,509.76 regular wages = $653774.40, * 25% = $163,443.60) should be added to the amount in controversy for this claim, making the total amount in controversy for this claim $1,897,243.60 ($1,733,800 + $163,443.60 = $1,897,243.60).

Plaintiff also contends that he and proposed class members are "entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages." *Id.* at Ex. F, (FAC) at ¶ 39. Labor Code Section 1194.2 provides for "liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" for violation of Labor Code section 1194 (minimum wages). Thus, Freschi estimates the amount in controversy for Plaintiff's claim for liquidated damages is $261,509.76 (the unpaid wages in controversy under his claim for failure to pay minimum wages). Tsao Decl. at ¶ 16.

Plaintiff also seeks attorney fees for his claims on behalf of the proposed class. *Id.* at Ex. F, (FAC) at ¶¶ 41, 49, 69, 96, and "Prayer for Relief". Where attorney fees are recoverable by a plaintiff (by statute or contract), the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney fees claimed under state statute could be included with damages claimed by ocean carrier to determine if its claim satisfied amount in controversy necessary for diversity jurisdiction). Courts have also held that reasonable recovery of future attorneys' fees are properly considered in calculating the requisite amount in controversy. *Fritsch v. Swift Transp. CO. of Arizona, LLC* 899 F.3d 785, 794-795 (9th Cir. 2018) (Amount in controversy in employee's putative wage-and-hour class action against employer, for purposes of Class Action Fairness Act (CAFA) jurisdiction, included future attorney fees); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 928 (9th Cir. 2019) (when a statute or contract provides for recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy).

Plaintiff's attorneys' hourly rates, hours already worked, and those reasonably anticipated to be worked demonstrate a sufficient amount in controversy.  Both federal and state law dictate

11

2168735.2

1  that the "most useful starting point for determining the amount of a reasonable fee [award] is the

2  number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

3  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *accord Ketchum v. Moses,* 24 Cal.4th 1122, 1131-

4  32 (2001). This number is known as the "lodestar" and courts may apply a positive multiplier to it

5  considering "the quality of the representation, the novelty and complexity of the issues, the results

6  obtained, and the contingent risk presented." *Lealao v. Benefcial Cal., Inc.,* 82 Cal.App.4th 19, 26

7  (2000).

8       Given that Freschi just filed its Answer to Plaintiff's First Amended Complaint yesterday

9  and this case is in its early stages, no written discovery has been exchanged, no depositions have

10 been taken (including plaintiff's, defense witnesses and/or putative class members), no briefing has

11 been done at the class certification stage, and neither side has filed dispositive motions.  Tsao Decl.

12 ¶25.  As for the anticipated work, it is likely that both Plaintiff and Freschi will serve

13 comprehensive sets of written pre-certification discovery (special interrogatories, document

14 demands, requests for admissions), and it will take Plaintiff's counsel at least 90 hours of time to

15 draft and respond to written discovery (15 hours x 6 sets (3 from each side) = 90 hours. *Id.* at

16 ¶¶ 26-27.  Inevitable disputes over the scope of both parties' written discovery will add more time.

17 If discovery motions are necessary, that would add an estimated 25 hours of counsel's time. *Id.* at

18 ¶ 28.  With respect to party depositions (plaintiff's and likely at least 2 defense witnesses), it will

19 take at least 24 hours of deposition time (3 x 8 hours), plus an additional 24 hours of travel and

20 deponent preparation time (at least 8 hours per deponent) (totaling 48 hours). *Id.* at ¶ 29.  And,

21 these numbers are likely very conservative given the number of issues and the class-wide nature of

22 the claims.  It is also likely that up to 5 putative class members will be deposed plus an equal

23 amount of preparation and travel time, which will add another approximate 40 hours of time (8

24 hours x 5). *Id.* at ¶ 30.  Plaintiff's counsel also will need to prepare class certification briefing,

25 which is estimated at 100 hours or greater and includes actual brief writing, procuring and drafting

26 supporting declarations, and preparation for and attendance at oral argument. *Id.* at ¶ 31. It is also

27 likely that Defendant will file a summary judgment motion (or summary adjudication motions),

28 adding at a minimum, another 50 hours of work for Plaintiff's attorneys to oppose and argue such a

12                      DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
                        NOTICE OF REMOVAL

motion. *Id.* at ¶ 32. Preparing for and trying a complex action such as this will easily consumer over another 300 attorney hours for Plaintiff's counsel (including motions in limine; trial briefs; preparing exhibit and witness lists; preparing witnesses to testify; preparing to cross-examine witnesses; an attending trial) with an additional 40 hours of post-trial motions. *Id.* at ¶ 33. These estimates alone do not include attorney time spent on appeals, or other unanticipated work that could arise in a case. Adding these hours together for Plaintiff's time equals 693 hours. In another wage and hour class action in the Central District last year, Plaintiff's counsel advised the Court that their attorney rates averaged $512 per hour. *See* Def. Request for Judicial Notice ("RJN"), Ex. 1 at 18. 408 hours x. $512 per hour = $354,816. If a positive lodestar is added of 3, this will increase any award to Plaintiff for attorneys' fees to **$1,064,448**. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1051 n.6 (9th Cir. 2002)(multipliers range from 1.0-4.0 and a "bare majority" fall within the range of 1.5-3.0); *Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.")

Alternatively, "[e]mpirical studies show that, regardless of whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." *Chavez v. Netflix, Inc.,* 162 Cal.App.4th 43, 66, n. 11 (2008); *Consumer Privacy Cases,* 175 Cal.App. 545, 557 n. 13 (2009). The court in *Smith v. CRST Van Expedited, Inc.,* 2013 WL 163294, at *5 (S.D. Cal. 2013) explained that "California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent." Here, the estimated recovery for Plaintiff's counsel without an attorney fee award is $5,673,305.39. One-third of this amount is $1,894,884**.** Consequently, this shows that Defense counsel's assumptions regarding the number of attorneys' hours to be spent in this case are extremely conservative and it is expected that Plaintiff's counsel will seek one-third of the recovery as they have done in other cases. *See* Plaintiff's Notice of Motion and Moton for Attorneys' Fees and Costs and Order Granting Motion for Final Approval of Class Action Settlement and Class Representative Service Payments and Motion for Attorneys' Fees and Costs in *Brulee v. DAL Global Services, LLC* (Case No. 2:17-cv-06433-JVS-JVG, C.D. Cal.)( granting attorneys' fees

13

2168735.2

1    equivalent to one-third of gross settlement amount), Def. RJN, Ex. 2 and 3; *see also* Plaintiff's

2    Notice of Motion and Motion for an Award of Attorney's Fees to Class Counsel and Order

3    Regarding Motion for Preliminary Settlement Approval and Class Certification in *Ramirez v. C and*

4    *W. Facility Services, Inc.* (Case No. 2:20-cv-11319-JVS-PVC, C.D. Cal) (granting preliminary

5    approval of plaintiff's request for attorneys' fees equivalent to one-third of the gross settlement

6    amount), Def. RJN, Ex. 4 and 5. Thus, the Ninth Circuit's allowance of recoveries of 33% of

7    alleged damages in other cases, including ones prosecuted by Plaintiff's counsel, demonstrates that

8    the amount of potential attorneys' fees in controversy for purposes of CAFA jurisdiction is between

9    $1,064,448 and $1,894,884.

10        Consequently, accounting for both future attorneys' fees and future damages alleged at the

11    time of removal, there is at least between $ 6,737,753.39 and $7,568,189.39 in controversy.

12        Calculating just seven of the nine claims brought by Plaintiff, the amount in controversy

13    totals well in excess of the $5,000,000 jurisdictional prerequisite of 28 U.S.C. § 1332(d)(5)(B).[2]

14    Because the amounts in controversy for these claims alone satisfy the jurisdictional minimum

15    requirement of $5,000,000, Freschi does not include additional analyses for estimates of the

16    amounts placed in controversy by Plaintiff's other allegations in the Complaint.  If necessary,

17    Freschi could and would supplement this Notice of Removal to include estimates of the amount in

18    controversy for claims raised in the Complaint that have not been addressed herein.

19    **B.    <u>The Court Has Diversity Jurisdiction Based on Plaintiff's Individual Claims</u>**

20        Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section

21    1332(a) (diversity of citizenship).  Diversity jurisdiction exists where the matter in controversy

22    exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. §

23    1332(a).

24

25

___

26    **[2]** ($889,228.80 waiting time penalties + $664,000 wage statement penalties + $653,774.40 meal
      premiums + $653,774.40 rest premiums + $261,509.76 regular wages + $392,264.67 overtime
27    wages + $1,897,243.60 penalties under Labor Codes §§ 204 and 210 + $261,509.76 liquidated
      damages = $5,673,305.39 in controversy before attorneys' fees + between $1,064,448 and
28    $1,894,884 attorneys' fees = between $6,737,753.39 and $7,568,189.39

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
                         NOTICE OF REMOVAL

2168735.2

1    **1.**    <u>**The Parties Are Diverse**</u>

2    Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than

3 all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). As discussed above in section II(A)(2),

4 the parties here are diverse because Plaintiff is a citizen of California and Freschi is a citizen of

5 Delaware and Texas.

6    Because Plaintiff alleges he is a citizen of California, and Freschi is a citizen of a foreign

7 state, this action easily meets the jurisdictional requirement under 28 U.S.C. section 1332(a).

8    **2.**    <u>**The Amount-in-Controversy Requirement is Satisfied**</u>

9    From the allegations of the Complaint, it is evident that the amount-in-controversy exceeds

10 $75,000, as required by 28 U.S.C. section 1332(a). Where, as here, the complaint does not specify

11 a particular amount of damages, the removing defendant need only establish the amount in

12 controversy by a preponderance of evidence, *i.e.,* that it is more likely than not that the amount in

13 controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102

14 F.3d 398, 404 (9th Cir. 1996). A defendant may show the amount in controversy "by setting forth

15 the *facts* in controversy … that support a finding of the requisite amount." *Luckett v. Delta*

16 *Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional

17 minimum is met, the Court considers all recoverable damages, including emotional distress

18 damages, punitive damages, statutory penalties, and attorneys' fees where recoverable by statute.

19 *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S*

20 *v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l*

21 *Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

22    Here, Plaintiff seeks relief in the form of damages, penalties, attorney's fees, injunctive

23 relief, and more, but does not set forth a numerical sum of the amount sought. It is "more likely

24 than not" that, if Plaintiff prevails on each of his causes of action and recovers the damages that he

25 seeks for each claim, Plaintiff will recover more than $75,000.[3] *See Sanchez*, 102 F.3d at 403-404.

26 _____

27 [3] By estimating the amounts Plaintiff may recover if he prevails, Freschi does not concede that
28 Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any

2168735.2

1    Starting with Plaintiff's first and second causes of action, Plaintiff alleges that Freschi failed

2    to pay him all minimum wages and overtime wages he was due. Tsao Decl., Ex. F (FAC) at ¶¶ 16,

3    34-35, 45-46. Plaintiff does not state specifically how many hours of regular or overtime he claims

4    he worked but was not compensated for. However, assuming a conservative rate of one hour of

5    uncompensated regular hours per week, Freschi estimates the amount in controversy for his failure

6    to pay minimum wage claim is $2,386.03 ($26.33 average hourly rate * 91 workweeks =

7    $2,386.03) [4]. Tsao Decl. at ¶ 18. Similarly, assuming a conservative rate of one hour of

8    uncompensated overtime per week, Freschi estimates the amount in controversy for his failure to

9    pay overtime claim is $3,584.50 ($26.33 average hourly rate * 1.5 overtime rate = $39.5, * 91

10    workweeks = $3,584.50). Tsao Decl. at ¶ 19.

11    Plaintiff also claims that he was not provided compliant meal breaks or paid meal period

12    premiums for non-compliant meal periods.  Tsao Decl., Ex. F (FAC) at ¶¶ 17, 53. Assuming

13    Plaintiff worked five shifts per week and had a 50% violation rate, Freschi estimates the amount in

14    controversy for this claim is $5,990.08 (5 shifts per week * 91 weeks * 50% = 228 meal premiums

15    * $26.33 hourly rate  = $5,990.08.  Tsao Decl. at ¶ 20.

16    Plaintiff also claims that he was not provided rest breaks or paid rest period premiums for

17    missed rest breaks.  Id. Ex. F (FAC) at ¶ 18, 57.  Assuming Plaintiff worked five shifts per week

18    and had a 50% violation rate, Freschi estimates the amount in controversy for this claim is

19    $5,990.08 (5 shifts per week * 91 weeks * 50% = 228 rest premiums * $26.33 hourly rate  =

20    $5,990.08).  Tsao Decl. at ¶ 21.

21    Plaintiff also claims that Freschi "refused to pay" him "all such wages due, and failed to

22    pay those wages twice a month" in violation of Labor Code section 204. Id. at Ex. F, (FAC) at

23    ¶¶ 40, 50. Labor Code section 210 provides $100 for each initial violation and $200 for each

24    _____

25    particular amount or at all.  Freschi reserves the full right to dispute Plaintiff's claims with respect
to both liability and damages.

26    [4] Plaintiff was compensated a total of $95,826.56 during his employment with Freschi. Dozee
Decl., ¶ 3 ($25,828.05 in 2020 + $66,048.49 in 2021 + $3,950.02 in 2022 = $95,826.56). He

27    worked 91 work weeks during his employment which lasted from April 27, 2020, until January 19,
2022. Id. Therefore, Freschi estimates his average hourly rate based on a 40 hour workweek as

28    $26.33 ($95,826.56 total compensation / 91 weeks / 40 hours = $26.33). Tsao Decl. at ¶ 17.

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

2168735.2

1  subsequent violation as well as 25% of the amount unlawfully withheld for alleged violation of

2  Labor Code section 204. Assuming Plaintiff was underpaid during each pay period, therefore

3  assuming 1 initial violation at $100, and 90 subsequent violations at $200, Freschi estimates the

4  amount in controversy for this claim for the base penalty alone is $18,100 ($100 + 90 * $200 =

5  $18,100). Tsao Decl. at ¶ 22. In addition, assuming the amount Freschi allegedly "failed to pay"

6  would include the estimated regular and overtime (Plaintiff alleges violation of Labor Code section

7  204 with regard to his first and second causes of action for failure to pay minimum and overtime

8  wages) an additional $5,970.53 ($2,386.03 + $3,584.50 = $5,970.53, * 25% = $1,492.63) should

9  be added to the amount in controversy for this claim, making the total amount in controversy for

10  this claim $19,592.63 ($18,100 + $1,492.63 = $19,592.63).

11  Plaintiff also claims he was not paid all wages due to him at his termination and is therefore

12  entitled to waiting time penalties. Tsao Decl., Ex. F (FAC) at ¶¶ 63-69. Applying the maximum

13  statutory penalty of thirty days (since Plaintiff is clearly alleging he is still owed wages at this

14  time), Freschi estimates the amount in controversy for this claim is $ 6,319.20 ($26.33/hour * 8

15  hours * 30 days = $6,319.20). Tsao Decl., ¶ 23.

16  Plaintiff also contends he is entitled to recover "actual damages" for receiving wage

17  statements that were allegedly noncompliant with California Labor Code § 226(a). *Id.* at Ex. F

18  (FAC) at ¶ 76. While the "actual damages" are not specified, Labor Code § 226 does provide for

19  recovery for noncompliance in the amount of "the greater of all actual damages or fifty dollars

20  ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per

21  employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four

22  thousand dollars ($4,000)…" Cal. Lab. Code § 226(e)(1). Assuming a $50 penalty for the initial

23  pay period, and a $100 penalty for each subsequent pay period, up to a statutory maximum of

24  $4,000, Freschi estimates the amount in controversy for Plaintiff's wage statement claim to be the

25  maximum of $4,000 ($50 for initial pay period + ($100 * 91 for subsequent pay periods) = $9,150,

26  which is higher than the maximum of $4,000). Tsao Decl., ¶ 24.

27  Plaintiff also seeks attorneys' fees and costs under Labor Code sections 218.5 and 1194(a),

28  as well as California Code of Civil Procedure section 1021.5. *Id.* at Ex. F, (FAC) at ¶¶ 41, 49, 69,

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

2168735.2

96, and "Prayer for Relief". Statutory attorneys' fees are considered in calculating whether the requisite amount in controversy has been met. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (finding it necessary to consider attorneys' fees throughout the entirety of the litigation "because they are part of the total 'amount at stake.'"). The Court could determine that Plaintiff's attorneys' fees alone satisfy the jurisdictional minimum amount in controversy. *See Cain*, 890 F. Supp. 2d at 1250 ("The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement."). Notwithstanding the potential for an award of attorneys' fees greater than the jurisdictional minimum, courts have found a "conservative estimate" of attorneys' fees for employment claims to be "at least $30,000." *Sasso*, 2015 WL 898468, at *6 (finding 100 hours of work at a rate of $300 per hour to be a conservative and reasonable amount for attorneys' fees for purposes of satisfying the amount in controversy).

Between the amount in controversy for Plaintiff's base claims and a conservative estimate of attorney's fees, the amount in controversy easily exceeds $75,000. ($2,386.03 regular wages + $3,584.50 overtime + $5,990.08 rest break premiums + $5,990.08 meal break premiums + $19,592.63 Labor Code section 204 penalties + $6,319.20 waiting time penalties + $4,000 wage statement penalties = $47,862.51 before attorney's fees).[5] Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See Sanchez*, 102 F.3d at 403-404.

### III. <u>VENUE</u>

Venue lies in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court of the State of California, County of Contra Costa.

---

[5] This does not include damages based on failure to reimburse business expenses, or violation of California's unfair competition law.

DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
NOTICE OF REMOVAL

2168735.2

## IV.  <u>NOTICE OF REMOVAL</u>

In accordance with 28 U.S.C. § 1446(d), Freschi will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Contra Costa.

This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

As required by 28 U.S.C. § 1446(a), Freschi provides this Court with copies of all process, pleadings, and orders filed or served on Freschi in this action.  True and correct copies of these documents are attached as Exhibits A through G to the Tsao Declaration filed in support of this Notice of Removal.  Freschi has not been served with any pleadings, process, or orders besides those attached.  *Id.*, Exs. A-G.

Finally, in the event this Court has any questions regarding the propriety of this Notice of Removal, Freschi requests that the Court issue an Order to Show Cause so that Freschi may have an opportunity to more fully brief the basis for this removal.

### <u>PRAYER FOR REMOVAL</u>

WHEREFORE, Freschi prays that this civil action be removed from the Superior Court of the State of California, County of Contra Costa to the United States District Court for the Northern District of California.


Dated:  April 21, 2023                         CDF LABOR LAW LLP



By: _____
                                                              Alison L. Tsao
                                              Attorneys for Defendant
                                              FRESCHI AIR SYSTEMS, LLC

19                    DEFENDANT FRESCHI AIR SYSTEMS, LLC'S
                      NOTICE OF REMOVAL

2168735.2